

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, <br> Plaintiff, <br><br> vs. <br><br> JANET S SHARPE, <br> SPOUSE OF JANET S SHARPE, IF <br>   MARRIED, <br> JOHN DOE, AS OCCUPANT OF THE <br>   PREMISES, <br> JANE DOE, AS OCCUPANT OF THE <br>   PREMISES, <br> Defendant. | No.   CJ-2013-3368 <br><br> JUDGE   BILL GRAVES <br><br> FILED IN DISTRICT COURT <br> OKLAHOMA COUNTY <br><br> JUL 17 2014 <br><br> TIM RHODES <br> COURT CLERK <br> 43 |

### AMENDED JOURNAL ENTRY OF JUDGMENT

NOW on this the **15th** day of **July, A.D.**, 2014, the above cause came on for consideration by the court pursuant to regular assignment. The Plaintiff appeared by its attorneys, BAER, TIMBERLAKE, COULSON & CATES, P.C., through the undersigned; and none of the remaining Defendants appeared, neither in person nor by attorney.

**The purpose of this Journal Entry of Judgment is to amend and correct only as to the amount of the unpaid principal due at the time of entry of said Journal Entry by reducing the amount to $21,125.44, and to correct the date of default to June 1, 2012, and providing for interest to accrue from May 1, 2012. The Plaintiff prays that the amount of the unpaid principal, the date of default, and the the interest accruing from May 1, 2012 be hereby amended and corrected to conform to the truth.**

The Court thereupon examined the pleadings, process and files in this cause, and being fully advised in the premises, finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Janet S Sharpe, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has failed to answer or otherwise plead or appear herein and is in default and is hereby adjudged in default.

The Court further finds from the Affidavit as to Military Service on file herein, that the Plaintiff is unable to determine whether the Defendant, Janet S Sharpe, is presently engaged in the military service of the United States, as provided by the Servicemembers Civil Relief Act of 2003 (SCRA), using the DOD Military Status website in combination with a Social Security number on file; but that if said Defendant is in the military service, her rights are not prejudiced in her defense of this action within the meaning of the Act; that the interest of said Defendant, hereinabove found to be in default will not be prejudiced by a trial at this time, and no bond

BTCC: 101657



should be required under said Act, and it is hereby ordered that Plaintiff proceed to trial against said Defendant.

Thereupon, the parties so appearing, either in person or by pleading as above set forth, the Plaintiff then moved by pleading for a dismissal of this cause as against the Defendant, Spouse of Janet S Sharpe, if married, on the grounds that Janet S. Sharpe is a single person, against the Defendant, John Doe, as occupant of the premises, on the grounds that the property is occupied by Janet S. Sharpe and against the Defendant, Jane Doe, as occupant of the premises, on the grounds that the property is occupied by Janet S. Sharpe, as evidenced by the Returns of Service filed herein and the Court considering said motion and being fully advised in the premises, finds that this cause should be, and hereby is dismissed as against said Defendants, Spouse of Janet S Sharpe, if married, John Doe, as occupant of the premises and Jane Doe, as occupant of the premises, and each of them, on said grounds, and the Court further finds that said Defendants in fact have no right, title or interest in or to the real estate and premises hereinafter described.

Thereupon, the parties so appearing as above set forth, the Court, being fully advised in the premises, finds generally in favor of the Plaintiff and against the Defendant above-named, and that the allegations of Plaintiff's Petition are true.

The Court further finds that the original mortgagor, , made, executed and delivered the note and mortgage sued upon by the Plaintiff and that said Plaintiff is entitled to enforce the Note; and that there is a balance due, owing and unpaid thereon in the sum of:

| Reason | Amount |
|---|---|
| Unpaid Principal Balance: | $ 21,125.44 |
| Date of Default: | **June 1, 2012** |
| Interest Due From: | **May 1, 2012** |
| Interest Rate(s): | |
| December 31, 1986 | 8.000% * |
| Fees & Costs of this Action: | |
| Attorney fees | $950.00 |
| Title Costs | $765.00 |

* or as adjusted by the Note and Mortgage

including all subsequent advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, all costs of this action; reasonable attorney's fees and costs as the Court may allow including fees and costs incurred during the enforcement of the judgment; and that said amounts are secured by said mortgage and constitute a first, prior and superior lien upon the real estate and premises hereinafter described, and that any and all right, title or interest which the Defendants in and to this cause, or any or either of them, have, or claim to have in or to said real estate and premises is subsequent, junior and inferior to the mortgage and lien of the Plaintiff.

The Court further finds that Janet S. Sharpe and Janet Sue Sexton Sharpe is one and the same person as Janet S Sharpe, Defendant herein.

The Court further finds that defaults have occurred under the terms and conditions of said note and mortgage as alleged in Plaintiff's Petition and that the Plaintiff is entitled to a foreclosure of its mortgage sued upon in this cause, as against all of the Defendants in and to this cause, and each of them.

The Court further finds that said mortgage owned, held and sued upon by the Plaintiff herein expressly waives appraisement or not at the option of the owner and holder thereof, such option to be exercised at the time judgment is rendered herein, and that the Plaintiff elects to have said property sold with appraisement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, Nationstar Mortgage, LLC , have judgment *in personam* against the Defendant, Janet S Sharpe, in the sum of:

| Reason | Amount |
|---|---|
| Unpaid Principal Balance: | $ 21,125.44 |
| Date of Default: | **June 1, 2012** |
| Interest Due From: | **May 1, 2012** |
| Interest Rate(s): | |
| December 31, 1986 | 8.000% * |
| Fees & Costs of this Action: | |
| Attorney fees | $950.00 |
| Title Costs | $765.00 |

* or as adjusted by the Note and Mortgage

including the further sum of all advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property; and for all costs of this action; and any reasonable attorney fees and costs incurred during the enforcement of the judgment; and that said amounts are secured by said mortgage and constitute a first, prior and superior lien upon the real estate and premises located in Oklahoma County, Oklahoma, described as follows:

> All of Lot Fifteen (15) in Block Five (5) in SOUTH WOODVIEW ADDITION to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

and that any and all right, title or interest which all of the Defendants, or any or either of them, have, or claim to have, in or to said real estate and premises is subsequent, junior and inferior to the mortgage and lien of the Plaintiff, except for unpaid real property ad valorem taxes and/or special assessments which are superior by law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the mortgage and lien of the Plaintiff in the amounts hereinabove found and adjudged be foreclosed, and a special execution and order of sale issue out of the office of the District Court Clerk in this cause, directed to the Sheriff to levy upon, advertise and sell, after due and legal appraisement, the real estate and premises hereinabove described, subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, if any, and pay the proceeds of said sale to the Clerk of this Court, as provided by law, for application as follows:

First: To the payment of the costs herein accrued and accruing.

Second: To the payment of the judgment and lien of the Plaintiff in the amounts herein set out and any advancements by Plaintiff for taxes, insurance premiums or expenses necessary for the preservation of the subject property.

Third: The balance, if any, to be paid to the clerk of this Court, to await the further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that upon confirmation of said sale, the Defendants herein, and each of them, and all persons claiming by, through or under them since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate, or equity of redemption in or to said real estate and premises, or any part thereof.

_____
JUDGE OF THE DISTRICT COURT

Approved:

_____
John D. Weaver - # 20364
James H. Thiessen - # 20354
BAER, TIMBERLAKE, COULSON & CATES, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:   (405) 842-7722
Facsimile:   (405) 848-9349

jweaver@baer-timberlake.com

Nationstar Mortgage, LLC , Plaintiff
vs.
Janet S Sharpe, et al., Defendant(s).
CJ-2013-3368
Oklahoma County, Oklahoma
Journal Entry of Judgment